UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Disciplinary Matter of<br><br>    Pierce H. O'Donnell<br><br>California State Bar No. 81298 | NO. MC 12-153 ABC<br><br>ORDER OF SUSPENSION |

On August 4, 2011, Pierce H. O'Donnell, an attorney previously admitted to the bar of this Court, was convicted in this Court of two misdemeanor counts of violating the Federal Election Campaign Act ("FECA"). *See United States v. O'Donnell,* No. CR 08-0872 (SJO) (C.D. Cal. 2008), Dkt. # 104. Specifically, O'Donnell was convicted of violating 2 U.S.C. § 441f, which in relevant part provides that "[n]o person shall make a contribution [to the election campaign of a candidate for federal office] in the name of another person or knowingly permit his name to be used to effect such a contribution." *See First Superseding Information* [Dkt. # 100].

The local rules of the Central District provide that "[u]pon the filing of a judgment or conviction demonstrating that any attorney admitted to practice before this Court has been convicted in this Court of any serious crime as herein defined," the Court shall enter an order immediately suspending that attorney from the Court's bar. *See* Local Rule 83-3.2.1.

The local rules define a "serious crime" as "any felony and any lesser crime a necessary element of which, as determined by the statutory or common law definition of such crime in the jurisdiction in which it was entered, involves false swearing, misrepresentation, fraud, deceit, bribery, extortion, misappropriation, theft, or the use of dishonesty, or an attempt, conspiracy, or solicitation of another to commit a 'serious crime.'" *Id.*

Because the crime of which O'Donnell has been convicted in this Court "involves . . . misrepresentation, fraud, deceit, . . . or the use of dishonesty," it constitutes a "serious crime" under the local rules. *See id.* **IT IS THEREFORE ORDERED** that Pierce H. O'Donnell be immediately **SUSPENDED** from the practice of law in this Court pursuant to Rule 83-3.2.1 of the Local Rules for the Central District of California. As that Rule contemplates the commencement of disciplinary proceedings by the State Bar in such circumstances, this Court's suspension shall remain in effect pending final disposition of State Bar proceedings. *See* Local Rule 83-3.2.1. In the event no State Bar proceedings are initiated within one year of the date of this order, or upon a showing of good cause, O'Donnell may move the Court to terminate the suspension.

An attorney registered to use this Court's Electronic Case Filing

1 | System (ECF) who is suspended by this Court will not have access to
2 | file documents electronically until the attorney has been reinstated
3 | to the bar of this Court.

5 | DATED: March 14, 2012.

*[signature: Audrey B. Collins]*

_____
CHIEF UNITED STATES DISTRICT JUDGE